HARMEET K. DHILLON (SBN: 207873)
harmeet@dhillonlaw.com
NITOJ P. SINGH (SBN: 265005)
nsingh@dhillonlaw.com
DHILLON LAW GROUP INC.
177 Post Street, Suite 700
San Francisco, California 94108
Telephone: (415) 433-1700
Facsimile: (415) 520-6593

Attorneys for Konda Technologies, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| KONDA TECHNOLOGIES, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>FLEX LOGIX TECHNOLOGIES, INC., a Delaware corporation, *et al.*,<br><br>Defendants. | Case Number: 5:18-cv-07581-LHK<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF KONDA TECHNOLOGIES, INC.**<br><br>Judge:   Hon. Lucy H. Koh<br>Court:   8, 4th Floor |



## I. INTRODUCTION

The Dhillon Law Group Inc. ("DLG"), counsel for Plaintiff Konda Technologies, Inc. ("Konda Tech"), hereby moves for leave of this Court to allow DLG to withdraw as counsel for Konda Tech in this action. DLG makes this Motion on the grounds that: 1) there has been a breach of this parties' engagement agreement; 2) Konda Tech consents to this Motion; 3) Konda Tech's conduct renders it unreasonably difficult for DLG to carry out representation effectively; 4) as Defendants' Motions to Dismiss will not be heard until mid-July 2019, and this case is in its infancy, withdrawal will not prejudice the parties; and 5) the Court and the parties will benefit from DLG's withdrawal and Konda Tech's retention of new counsel.

As shown below, California's Rules of Professional Conduct and the rules of this Court permit withdrawal of counsel in circumstances such as these. As such, this Motion should be granted.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Konda Tech filed its Complaint in this action on December 17, 2018. Defendant Flex Logix Technologies, Inc. ("Flex Logix") filed a Motion to Dismiss on January 24, 2019, with a May 9, 2019 hearing date. (Dkt. No. 21.) After Konda Tech submitted an Opposition to the Motion to Dismiss on February 21, 2019, the parties stipulated, and the Court allowed, that Konda Tech be permitted to amend its Complaint and that the original Motion to Dismiss would be denied as moot. (Dkt. Nos. 26, 29, and 30.)

Konda Tech filed its First Amended Complaint on March 4, 2019. That same day, DLG advised Konda Tech in writing that should it not retain new counsel to substitute in as lead counsel by March 22, 2019, DLG would be moving to withdraw as counsel. Decl. of Nitoj P. Singh ("Singh Decl."), ¶ 3. Konda Tech was, and remains in, material breach of its engagement agreement with DLG, and has not cured that breach after receiving notice of the breach. Singh Decl., ¶ 4.

Flex Logix filed its Motion to Dismiss the First Amended Complaint on March 18, 2019. (Dkt. No. 38.) Pursuant to the parties' stipulation and the Court's Order, Konda Tech must submit its response to the Motion to Dismiss by April 8, 2019, and Flex Logix must submit its reply within 14 days thereafter. (Dkt. Nos. 30 and 38.)

The Initial Case Management Conference is currently set for April 3, 2019. The parties' Joint

1  Case Management Statement is due on March 27, 2019.

2  Defendants Markovic and Wang have until April 5, 2019 to respond to Konda Tech's First
3  Amended Complaint. It is anticipated that they too will file a Motion to Dismiss, and that said motion
4  will not be heard before July 11, 2019.

5  DLG notified the Court and Defendants that it intends to move to withdraw as counsel on
6  March 25, 2019. Singh Decl., ¶ 5. Konda Tech has been advised that it needs counsel should it wish
7  to continue to litigate this matter following DLG's withdrawal. Singh Decl., ¶ 6. Konda Tech
8  consents to this Motion, while disputing it materially breached its engagement agreement with DLG.
9  Singh Decl., ¶ 6. The parties' differences of opinion on engagement and strategy, including this
10 Motion, has rendered it unreasonably difficult for DLG to carry out its representation effectively.
11 Singh Decl., ¶ 7. Given these and other issues, there has been an irreconcilable breakdown of the
12 attorney-client relationship. *Id.*

13 **III.  ARGUMENT**

14 The Civil Local Rules of the United States District Court for the Northern District of
15 California authorize an attorney to withdraw as counsel of record after he or she (1) provides written
16 notice to the client and all other parties in the action, and (2) the attorney obtains leave of court. Civ.
17 L.R. 11-5(a). The decision to permit counsel to withdraw is within the sound discretion of the trial
18 court. See *U.S. v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009).

19 Withdrawal is governed by the California Rules of Professional Conduct. See Civ. L.R. 11-
20 4(a)(1); *Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of
21 Professional Conduct to attorney withdrawal). Courts in this District also look at several factors,
22 including: (1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal may
23 cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and
24 (4) the extent to which withdrawal will delay resolution of the case. *Deal v. Countrywide Home*
25 *Loans*, No. C 09-01643 SBA, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010).

26 California Rules of Professional Conduct, Rule 1.16(b), state that an attorney may withdraw
27 from representation if: (4) the client by other conduct renders it unreasonably difficult for the lawyer
28 to carry out the representation effectively; (5) the client breaches a material term of an agreement

1  with, or obligation, to the lawyer relating to the representation, and the lawyer has given the client a
2  reasonable warning after the breach that the lawyer will withdraw unless the client fulfills the
3  agreement or performs the obligation; and (6) the client knowingly and freely assents to termination
4  of the representation.

5        Withdrawal is permitted even though a corporation is the client. See, e.g., *Pension Plan v.*
6  *Yubacon Inc*, No. C-12-04738 DMR, 2014 WL 1101659 (N.D. Cal. Mar. 18, 2014) (granting motion
7  to withdraw representation of corporation even though the corporation had not yet retained new
8  counsel). If granting a motion to withdraw leaves a party without counsel, the court may condition the
9  withdrawal on the attorney agreeing to forward all communications from the Court to the former
10 client until new counsel is obtained. Civ. L.R. 11-5(b).

11       Here, withdrawal is permitted as Konda Tech is in material breach of its agreement with DLG,
12 and failing to cure that breach after notice; Konda Tech has consented to this Motion; and Konda
13 Tech's conduct has rendered it unreasonably difficult for DLG to carry out its representation
14 effectively. Differences of opinion as to strategy have arisen between Konda Tech and DLG, and
15 given the other issues, there has been an irreconcilable breakdown of the attorney-client relationship.

16       Given the early stage of the case, and the July 11, 2019 scheduled Motion to Dismiss, granting
17 the withdrawal will not prejudice defendants, harm administration of justice, or significantly delay the
18 resolution of this action. Indeed, the Court and Defendants' interests would be best served by the
19 withdrawal of DLG at this stage of the litigation, to be replaced with new counsel. Currently, no
20 deadlines have been set regarding patent disclosures, discovery, dispositive motions, or trial, thus
21 sufficient time exists for Konda Tech to retain new counsel and for said counsel to sufficiently
22 familiarize itself with this matter prior to any significant deadlines in this matter.

23       Konda Tech requests that, should this Motion be granted, this Action be stayed for 90 days so
24 that Konda Tech be afforded time to retain new counsel, and new counsel may have time to come up
25 to speed on all matters. Konda Tech argues that a 90 day stay is reasonable given that Flex Logix's
26 Motion to Dismiss will not be heard until July 11, 2019, and given that it will take some time to find
27 counsel with the requisite technical and legal experience given the complexities of this dispute.
28 ///



## IV. CONCLUSION

Pursuant to California Rules of Professional Conduct and the rules of this Court, good cause exists to grant DLG leave to withdraw as counsel for Plaintiff Konda Technologies, Inc. As such, the DLG's Motion should be granted. Should the Court require additional information from DLG, it is willing to provide the same for an *in camera* review by the Court. Nothing set forth in this Motion and any supporting papers is intended to waive, in any way, the attorney-client privilege between DLG and Konda Tech.

Date: March 26, 2019                           DHILLON LAW GROUP INC.

                                               By:  */s/ Nitoj P. Singh*
                                                    Nitoj P. Singh

                                                    Attorneys for Konda Technologies, Inc.

